*824 OPINION

Per Curiam:

The district court reversed the appeals officer’s decision which denied Russell Hunt’s worker’s compensation claim. On appeal, Washoe County argues that Hunt was not acting within the course of his employment at the time of his injury. We agree.

Facts

On September 1, 1990, respondent Russell Hunt, a sergeant with the Washoe County Sheriff’s Department, injured his ankle while jogging in a public park in Reno, Nevada. Hunt suffered the injury while off duty. Hunt claims that he jogged to improve his physical condition in preparation for the mandatory Physical Maintenance Test required by Washoe County.
In April of 1990, Washoe County implemented a physical maintenance testing program for its sheriff’s officers. The new policy affected all commissioned members represented by the Washoe County Sheriff’s Supervisory Deputies Association.
The new policy required officers to undergo physical condition testing twice a year. Officers employed prior to July 25, 1989, had until April 1, 1992, to reach the minimal acceptance level. Officers hired after July 25, 1989, were immediately subject to the testing.[1]
According to the “Rules and Procedures for Implementing Physical Maintenance Program,” officers who failed the examination upon the recommendation of the Physical Maintenance Program Committee, “[could] be subject to disciplinary action, up to and including termination or disability retirement, or in some other way removed from his or her position as a peace officer.”
In addition, the “Rules and Procedures for Implementing Physical Maintenance Program” provide that “[a]ny physical exercising, conditioning, and training for the Program is the responsibility of the individual member and must be conducted on the employee’s own time. Association and/or County gym space and equipment may be utilized for exercising and training when available.” (Emphasis added.)
On October 29, 1990, Hunt filed a worker’s compensation claim. Washoe County’s insurer, Claims Disbursement System of Nevada (“CDS”), denied Hunt’s worker’s compensation claim. Hunt appealed the determination to a hearing officer who *825 reversed CDS’s decision finding that Hunt’s jogging activity took place while Hunt was within the course of employment. Subsequently, Washoe County appealed the hearing officer’s decision to an appeals officer who reversed concluding that Hunt did not act within the course of his employment when he participated in off-duty recreational activity.
Thereafter, Hunt filed a petition for judicial review with the Second Judicial District Court. The district court reversed the appeals officer’s decision and reinstated the hearing officer’s decision allowing Hunt’s worker’s compensation claim.
This appeal followed.

Discussion

Hunt argues that his injury arose out of and in the course of his employment. NRS 616.270 provides that employees are eligible to receive worker’s compensation provided their injury arises out of and in the course of their employment.
The following rule contained in the “Rules and Procedures for Implementing Physical Maintenance Program” is dispositive of the question of whether Hunt’s injury while jogging was incurred in the course of his employment:
Any physical exercising, conditioning, and training for the Program is the responsibility of the individual member and must be conducted on the employee’s own time. Association and/or County gym space and equipment may be utilized for exercising and training when available.
The parties failed to address the application of this regulation in their original briefs. After oral argument, this court requested supplemental briefing from the parties specifically addressing the question of why the above-quoted rule does not place Hunt’s activity outside the scope of his employment. Hunt argues in his supplemental brief that the language in the above-quoted “Rules and Procedures, for Implementing Physical Maintenance Program” limits the employer’s liability by removing mandatory physical exercising and training from within the course of employment. This argument does not address the issue in this case, which is whether an injury incurred during off-duty jogging is compensable.
Washoe County contends in its supplemental brief that the above-quoted rule became part of the physical maintenance program pursuant to contract negotiations between Washoe County and the Washoe County Sheriff’s Supervisory Deputies Association during 1990. Washoe County and the Washoe County Sheriff’s Supervisory Deputies Association therefore agreed that any *826 training or exercise for the physical maintenance testing program was to be considered on the employee’s “own time.”
After a review of the record we conclude that, as a matter of law, Hunt was not injured in the course of his employment. Hunt was injured on his “own time,” while jogging off duty in a public park. Although the physical maintenance program was mandatory, Hunt had two years from its initiation to condition himself on his own time before he would be tested. The agreement between Washoe County and the Washoe County Sheriff’s Supervisory Deputies Association made it clear that any training was to be conducted on the employee’s own time, if the employee chose to train prior to the examination.
We, therefore, reverse the district court’s decision and reinstate the appeals officer’s decision which denied Hunt worker’s compensation because his accident did not arise out of or occur within the course of his employment.

Washoe County tested officers in the following areas: (1) Aerobic Capacity Test, a 1.5 mile run/walk; (2) Flexibility Test, a sit and reach test; (3) Muscular Endurance Test, one minute sit up test; and (4) Absolute Strength Tests, bench press ratio and leg press ratio.